## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY MIZERK,<br><br>    *Plaintiff*,<br><br>v.<br><br>MIXED COMPANY, A SALON LLC; and<br>MOUNTAIN VIEW PROPERTIES, LLC,<br><br>    *Defendants*. | **COMPLAINT** |

Plaintiff Mary Mizerk, by and through the undersigned counsel, brings this action against Mixed Company, A Salon LLC, an Illinois limited liability company doing business as Mixed Co., A Salon, and Mountain View Properties, LLC, an Illinois limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the hair salon known as "Mixed Co. Salon", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at the salon known as "Mixed Co. Salon", located at 223 W Erie Street, Suite 1E,, Chicago, IL 60654.

3. Defendants' failure to provide equal access to "Mixed Co. Salon" violates the mandate of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendants' conduct constitutes an ongoing and continuous violation of the law. Defendants have failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

5. Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the requirements of the ADA.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7. Venue in this judicial district is proper because Defendants are located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Mary Mizerk is a resident of the city of Chicago, Illinois. Plaintiff Mizerk suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2).

9. Plaintiff Mary Mizerk suffers from osteoarthritis. She is substantially limited in performing several major life activities, including but not limited to walking and standing. She is forced to use wheelchair for mobility. As a person with a disability, she has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant Mixed Company, A Salon LLC, an Illinois limited liability company doing business as Mixed Co., A Salon, is the operator of the real property and improvements which are the subject of this action, the hair salon "Mixed Co. Salon", a place of public accommodation within the meaning of the ADA, located at the street address of 223 W Erie Street, Suite 1E, Chicago, IL 60654.

11. Defendant Mountain View Properties, LLC, an Illinois limited liability company, is the owner of the real property and improvements which are the subject of this action, the hair salon "Mixed Co. Salon", a place of public accommodation within the meaning of the ADA, located at the street address of 223 W Erie Street, Suite 1E, Chicago, IL 60654.

## FACTUAL BACKGROUND

12. On or around May 6, 2015 Plaintiff Mizerk attempted to visit "Mixed Co. Salon", which is located approximately seven city blocks from her apartment.

13. Upon arrival, Plaintiff Mizerk could not find an accessible entrance.

14. The front entrance had seven steps each approximately six inches in height between the Wells Street sidewalk and the front door of the salon. A photograph in Exhibit A to this Complaint shows the front entrance to "Mixed Co. Salon".

15. No signage indicated the existence of an accessible entrance or a route to an accessible entrance from the inaccessible front entrance.

16. In light of the architectural barriers at "Mixed Co. Salon", Plaintiff Mizerk is deterred from visiting "Mixed Co. Salon" in the future. She is unable to enter "Mixed Co. Salon". Plaintiff Mizerk would like to be able to patronize "Mixed Co. Salon", but these architectural barriers deter her from doing so. She plans to return and patronize "Mixed Co. Salon" when she learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

17. Plaintiff Mizerk attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of her disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of Defendants'

non-compliance with the ADA, Plaintiff Mizerk cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## FACT ALLEGATIONS

18.     Defendants have discriminated against Plaintiff Mizerk on the basis of her disabilities by failing to comply with the requirements of the ADA and the Americans With Disabilities Act Accessibility Guidelines (the "ADAAG") with regard to "Mixed Co. Salon". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Mixed Co. Salon" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a.   "Mixed Co. Salon" does not have an accessible entrance, in violation of ADAAG 206.4.1.

   b.   To the extent that "Mixed Co. Salon" has an accessible entrance, the entrance was not marked as accessible, in violation of ADAAG 216.6.

   c.   To the extent that "Mixed Co. Salon" has an accessible entrance, the route from the inaccessible entrance to the accessible entrance (if any), was not marked with directional signage, in violation of ADAAG 216.6.

19.     The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Mixed Co. Salon".

20.     In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Mixed Co. Salon" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

21.     Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed viola-

tions can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, installing ramps. 28 C.F.R. § 36.304(b). Even if installing a permanent ramp would not be readily achievable, Defendants could comply with federal standards by employing a portable ramp. § 28 C.F.R. 36.304(e).

22.     As a person with a disability, Plaintiff Mizerk has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

23.     Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Mixed Co. Salon" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of her rights under the ADA.

**FIRST CAUSE OF ACTION**
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

24.     Plaintiff incorporates and realleges the above paragraphs.

25.     Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

26.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that are equal to the opportunities afforded to other individuals.

27.     Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full

and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Mizerk has been denied full and equal access to "Mixed Co. Salon" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

28.     Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

29.     Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Mizerk, even though removing the barriers is readily achievable.

30.     Plaintiff Mizerk plans to visit "Mixed Co. Salon" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm upon her planned return visit to "Mixed Co. Salon" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

31.     This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Mixed Co. Salon" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Mixed Co. Salon" until such time as Defendants cure the access barriers.

32.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

a.   That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the

ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b.  That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a) enjoining Defendants from continuing their discriminatory practices, including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c.  That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505; and

d.  That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.


DATED:  January 15, 2016

/s/ John Steele
John L. Steele (# 6292158)
ACCESSIBILITY LAW GROUP
500 Michigan Avenue, Suite 600
Chicago, Illinois 60611
E-mail: jsteele@accessibilitylawgroup.com
Phone: (312) 396-4154